IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ZAJAC,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | : Civil No. 1:26-CV-082<br>:<br>:<br>:<br>:<br>: (Chief Magistrate Judge Bloom)<br>:<br>:<br>:<br>: |

## MEMORANDUM OPINION

### I. Introduction

Christopher Zajac filed applications under Titles II and XVI of the Social Security Act for disability and disability insurance benefits and supplemental security income on June 27 and August 4, 2023.[1] Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Zajac was not disabled from his alleged onset date of September 18, 2021, through March 27, 2025, the date of the ALJ's decision.[2]

Zajac now appeals this decision, arguing that the decision is not supported by substantial evidence. After a review of the record, we agree

[1] Tr. 17.
[2] Tr. 31.

and conclude that the ALJ's decision is not supported by substantial evidence. Therefore, we will remand this matter for further consideration by the Commissioner.

## II. Statement of Facts and of the Case

Zajac filed for disability and disability insurance benefits, as well as supplemental security income, alleging disability due to a traumatic brain injury.[3] Zajac was 33 years old at the time of his alleged onset of disability, had at least a high school education, and had no past relevant work.[4]

An ALJ held a hearing on Zajac's disability application on September 24, 2025.[5] Zajac and a Vocational Expert ("VE") both appeared and testified at this hearing.[6] Following this hearing, on March 27, 2025, the ALJ issued a decision denying the plaintiff's application for disability benefits.[7] The ALJ first concluded that Zajac met the insured status requirement through September 30, 2024, and had not engaged in

[3] Tr. 111.
[4] Tr. 30.
[5] Tr. 36-76.
[6] *Id.*
[7] Tr. 17-31.

substantial gainful activity since his alleged onset date of September 18, 2021.[8] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from severe impairments of a traumatic brain injury, schizoaffective disorder, post-concussive syndrome, attention deficit hyperactivity disorder ("ADHD"), and generalized anxiety disorder.[9] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[10] In assessing the paragraph "B" criteria, the ALJ found that Zajac had a mild to moderate limitations in the four areas of mental functioning.[11]

Between Steps 3 and 4, the ALJ then concluded that the plaintiff had the residual functional capacity ("RFC") to perform a range of medium exertional work, with added limitations of understanding, retaining, and carrying out simple instructions, occasional decision-making, occasional to frequent interaction with others, and avoiding

[8] Tr. 19-20.
[9] Tr. 20.
[10] Tr. 20-22.
[11] Tr. 21-22.

group, team, or tandem work.[12] The ALJ considered the medical records, opinion evidence, and the plaintiff's subjective symptoms.[13] Ultimately, the ALJ concluded that the plaintiff was not as limited as he alleged.

Having made these findings, the ALJ found at Step 4 that Zajac had no past relevant work but found at Step 5 that he could perform the occupations of order filler, janitor, and stubber.[14] Accordingly, the ALJ found that Zajac had not met the stringent standard prescribed for disability benefits and denied his claim.[15]

This appeal followed. On appeal, Zajac argues that, *inter alia,* the ALJ failed to properly explain why he omitted limitations from medical sources he found to be persuasive.[16] This case is fully briefed and is therefore ripe for resolution. For the reasons set forth below, we will remand this matter for further consideration by the Commissioner.

---

[12] Tr. 22.
[13] Tr. 22-29.
[14] Tr. 30-31.
[15] Tr. 31.
[16] Doc. 9.

## III. Discussion

### A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[17] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[19] The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[20]

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[21]

---

[17] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).
[18] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).
[19] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[20] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).
[21] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[22] The ALJ is not required to use "magic" words, but rather must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[23] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[24]

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful work which exists in the national economy."[25] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is

---

[22] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[23] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[24] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).
[25] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).

under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[26]

In making this disability determination, the ALJ follows a five-step evaluation.[27] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[28]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[29] The ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments

---

[26] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[27] 20 C.F.R. §§404.1520(a), 416.920(a).
[28] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).
[29] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).

identified by the ALJ at step two of his or her analysis.[30] Our review of the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[31]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[32] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[33]

### B. Legal Benchmarks for the ALJ's Assessment of Medical Opinions

For applications filed after March of 2017, the regulations require ALJs to consider several factors to determine the persuasiveness of a medical opinion: supportability, consistency, relationship with the

---

[30] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).
[31] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).
[32] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).
[33] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.

claimant, specialization, and other factors tending to support or contradict a medical opinion.[34] Supportability and consistency are the two most important factors, and an ALJ must explain how these factors were considered in his or her written decision.[35] Supportability means "[t]he more relevant the objective medical evidence and supporting explanations . . . are to support his or her medical opinion(s) . . . . the more persuasive the medical opinions . . . will be."[36] The consistency factor focuses on how consistent the opinion is "with the evidence from other medical sources and nonmedical sources."[37]

It is well settled that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."[38] When confronted with several medical opinions, the ALJ can choose to credit certain opinions over others but "cannot reject evidence for no reason or for the wrong

---

[34] 20 C.F.R. § 404.1520c(c).
[35] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Blackman v. Kijakazi*, 615 F. Supp. 3d 308, 316 (E.D. Pa. 2022).
[36] 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).
[37] 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).
[38] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).

reason."[39] Further, the ALJ can credit parts of an opinion without giving credit to the whole opinion and may formulate a claimant's RFC based on different parts of different medical opinions, so long as the rationale behind the decision is adequately articulated.[40] On the other hand, in cases where no medical opinion credibly supports the claimant's allegations, "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[41]

C. <u>This Case will be Remanded.</u>

As we have noted, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests,"[42] and the ALJ must "indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding."[43] After consideration, we conclude that the ALJ's RFC determination is not supported by an adequate explanation.

---

[39] *Mason*, 994 F.2d at 1066.
[40] *See Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016).
[41] *Cummings*, 129 F. Supp. 3d at 214–15.
[42] *Cotter*, 642 F.2d at 704.
[43] *Schaudeck v. Comm'r of Soc. Sec.*, 181 F. 3d 429, 433 (3d Cir. 1999).

Zajac argues that the ALJ found certain opinion evidence persuasive but then failed to either adopt the limitations therein or explain the omission of those limitations. After consideration, we agree.

The ALJ's decision found the opinions of the state agency consulting providers, Dr. Young and Dr. Spayd, persuasive.[44] These opinions indicated that Zajac was moderately limited in his ability to concentrate, persist, and maintain pace, and that he was limited to simple instructions, simple decision-making, and could perform simple, routine, repetitive tasks in a stable environment and within a schedule at a consistent pace.[45] The ALJ reasoned that these findings were supported by the providers' review of the records and consistent with the plaintiff's overall medical records.[46] But the ALJ explicitly rejected a portion of the opinions that included a limitation to performing one-to-two step tasks, as he found that limitation inconsistent with Zajac's activities of daily living.[47]

---

44 Tr. 28.
45 Tr. 28, 118-19, 142-44.
46 Tr. 28.
47 *Id.*

Despite finding these opinions persuasive, the ALJ limited Zajac to carrying out simple instructions and occasional decision-making.[48] There was no limitation in the RFC regarding Zajac's ability to perform routine, repetitive tasks in a stable environment. The absence of this limitation is significant for two reasons. First, when an ALJ finds a medical opinion persuasive, the ALJ creates an obligation for his or herself. For each limitation opined necessary by a persuasive medical source, the ALJ is obligated to either: (1) incorporate that limitation in the claimant's RFC, or (2) explain the basis for discounting that limitation. Such an obligation ensures that any omission was intentional and supported by substantial evidence in the record.[49] Here, the ALJ failed to explain why

[48] Tr. 22.

[49] *See e.g., Steinmetz v. Colvin*, Civ. No. 23-CV-2066, 2025 WL 36159, *7 (M.D. Pa. Jan. 6, 2025) (*citing Durden v. Colvin,* 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016); *Cotter*, 642 at 704-05 ("[W]e need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored."); *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) ("[U]nless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty[.]") (citation modified)).

he omitted the limitation to routine and repetitive tasks in a stable environment despite finding these opinions persuasive. As the plaintiff aptly notes, the ALJ explicitly rejected the one-to-two- step tasks limitation contained in these opinions and explained his reasoning.[50] But he failed to explain the omission of other significant limitations, and his failure to do so is error.

Second, the limitations omitted without explanation are significant. As one court in this district aptly explained, "[c]ourts have distinguished between limitations that regard the complexity of instructions and tasks to be performed by a claimant and limitations that regard the routineness or repetitiveness of the work."[51] Indeed, "[w]hile both types of limitations may relate to a claimant's impairments as to concentration, persistence, and pace, they could very well relate to different aspects of such an impairment."[52] Here, the ALJ failed to explain the omission of a limitation to routine and repetitive tasks that was contained in the only

---

[50] Tr. 28.
[51] *Sarah C. v. Bisignano*, 2026 WL 625094, at *6 (M.D. Pa. Mar. 5, 2026).
[52] *Id.* (quoting *Harden v. Comm'r of Soc. Sec.*, 2014 WL 4792294, at *5 (W.D. Pa. Sept. 24, 2014)) (internal quotation marks omitted).

opinions concerning Zajac's mental health impairments, which he found persuasive. Additionally, no such limitations were presented in the hypothetical to the VE. Accordingly, because we conclude that the ALJ failed to explain the omission of limitations he found persuasive, a remand is required.[53]

While we reach this conclusion, we note that nothing in this Memorandum Opinion should be deemed as expressing a judgment on the ultimate outcome of this matter. Rather, that task is left to the ALJ on remand.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner will be REMANDED for further consideration.

An appropriate order follows.

Submitted this 24th day of August 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

[53] Because we find that this error requires a remand, we decline to address the plaintiff's remaining argument.